IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL CANDELARIA**
              **Plaintiff,**

v.                                                                              Civ. No. 08-901 JCH/WDS

**ROBERT MONTOYA, AARON ALBERTI,
RONALD C. TORRES, HENRY PEREA, in
their individual capacities, and the BOARD
OF COUNTY COMMISSIONERS OF
BERNALILLO COUNTY,**

              **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Robert Montoya, Ronald C. Torres, Henry Perea, and the Board of County Commissioners of Bernalillo County's (hereinafter "Defendants") *Motion to Reconsider*, filed March 29, 2010 [Doc. 81]. Defendants' motion comes in response to the Court's Memorandum Opinion and Order, filed March 18, 2010 [Doc. 80]. The Court's Memorandum Opinion and Order granted in part and denied in part Defendants' *Motion for Summary Judgment* [Doc. 38] and granted in full Defendant Aaron Alberti's *Motion for Summary Judgment* [Doc. 39]. The Court, having carefully considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that Defendants' motion is not well-taken and should be DENIED.

The facts of this case are set forth in greater detail in the Court's Memorandum Opinion and Order [Doc. 80] at 1-5. In short, while Plaintiff was incarcerated at the Bernalillo County Metropolitan Detention Center ("MDC"), he was beaten by a cellmate. Plaintiff contends that the beating should never have occurred because, just prior to the beating, both Plaintiff and his

assailant had asked the guard on duty, Defendant Montoya, to allow one of them to move to a new cell, because otherwise they would fight.  Plaintiff alleges that the MDC's policymakers and supervisors named in the suit failed to enforce procedures and regulations designed to keep inmates from violence, thus contributing to the likelihood of his attack.

Plaintiff's Complaint stated six counts.  *See* Complaint, attached as Ex. A to Notice of Removal [Doc. 1].  Counts I and II stated claims under 42 U.S.C. § 1983 against Defendant Montoya in his personal capacity, alleging that he tacitly authorized or was knowingly indifferent to Plaintiff's battery.  Count III stated claims under 42 U.S.C. § 1983 against Defendants Torres, Perea, and Alberti, as well as Bernalillo County's Board of County Commissioners ("the County") for operating the MDC in a manner that placed inmates in segregation at a substantial risk of serious harm.  Count IV stated a tort claim against Defendant Montoya for negligently aiding and abetting Plaintiff's battery, and against Defendants Torres, Perea, and Alberti for negligent training and supervision.  Count V stated a claim for negligent operation of a public facility against all Defendants, and Count VI sought to establish *respondeat superior* liability against the Bernalillo County Board of County Commissioners.

In its Memorandum Opinion and Order, the Court dismissed all counts except for Counts I and IV against Defendant Montoya in his individual capacity and Count V against Defendant Board of County Commissioners of Bernalillo County.  Defendants' *Motion to Reconsider* relates only to Count V.  Defendants contend that the Court's ruling allowing Plaintiff to pursue Count V, after having granted summary judgment to Defendants on Count III, is both logically and legally inconsistent.  However, Defendants acknowledge that, in order for reconsideration of its previous decision to be appropriate, "the Court must determine that the element of causation for a negligence claim is no different than the standard for Section 1983" and that "the law of the case

doctrine, to which the Court's conclusion on causation should apply, should preclude continued litigation of the [state negligence tort] claim, assuming the standard of causation is the same." Defendants' Reply to Motion to Reconsider [Doc. 88] at 2-3. Because, as discussed below, the standard of causation for Plaintiff's negligence claim differs from that in a section 1983 claim, the Court's ruling allowing the negligence claim to proceed while denying the section 1983 claim is not inconsistent.

Plaintiff's Count III stated a claim against Defendant Bernalillo County under 42 U.S.C. § 1983. In order to amount to a constitutional violation, the challenged policy or practice of the government must evidence a "deliberate indifference" toward the rights of an individual or class, and the policy must be "the 'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (citation omitted). The "deliberate indifference" standard may be met by showing that "the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). In order to establish that Defendant Bernalillo County is liable for a constitutional violation, Plaintiff was required to come forward with sufficient evidence to demonstrate that: (1) the risk of harm to inmates in Plaintiff's unit "was so substantial or pervasive" that the County's knowledge of a specific risk to Plaintiff could be inferred; (2) the County failed to take reasonable measures to avert the harm; and (3) the County's "failure to take such measures in light of its knowledge, actual or inferred, justifies liability for the attendant consequences of its conduct, even though unintended." *Berry v. Muskogee*, 900 F.2d 1489, 1498 (10th Cir. 1990). Because overcrowding, by itself, does not rise to the level of a constitutional violation, *see Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981), the Court held that Plaintiff must

demonstrate a "direct causal link" between the allegedly unconstitutional conditions of his incarceration and his injury in order to prevail on his constitutional claim, as required by *Carr v. Castle*, 337 F.3d 1221, 1231 (10th Cir. 2003). *See* Doc. 80 at 14. The Court dismissed Count III because it found that Plaintiff did not provide evidence that his injury was the direct result of an overcrowded or understaffed condition, thereby failing to demonstrate a sufficient nexus between the allegedly unsafe conditions and his injury. *See id.* at 14-15. Instead, the Court found that Defendant Montoya had been in a position to prevent Plaintiff's assault, and it was only Defendant Montoya's refusal to intervene and his forcing of Plaintiff's cellmate back into Plaintiff's cell that enabled the assault to occur.

Plaintiff's Count V alleged that the County negligently operated or maintained a public facility (the MDC), a claim for which sovereign immunity has been waived by NMSA § 41-4-6. Plaintiff's Complaint did not specify the manner in which the County was negligent in its operation, but Plaintiff's briefing included the same overcrowding and understaffing argument that he presented as part of his constitutional claim in Count III. The Court concluded that, at the summary judgment stage, where the evidence must be viewed in a light most favorable to the non-moving party, Plaintiff "has come forward with sufficient evidence to raise a question of fact regarding whether officials of the MDC were negligent in permitting the overcrowding and understaffing of [Plaintiff's] unit at the time of Plaintiff's assault, and whether such negligence put the overall population of [Plaintiff's] unit at risk." *Id.* at 22. Because this ruling related to a state tort negligence claim, rather than a constitutional claim, it is not inconsistent with the holding dismissing Count III.

In order to prevail on a claim raised under section 1983, a plaintiff must demonstrate that "an official's acts or omissions were the cause–not merely a contributing factor–of the

4

constitutionally infirm condition." *Tafoya v. Salazar*, 516 F.3d 912, 922 (10th Cir. 2008). With respect to a state law negligence claim, on the other hand, a plaintiff need not demonstrate that an official policy manifesting deliberate indifference was *the* cause of a constitutional violation. Instead, a plaintiff need only come forward with sufficient evidence to demonstrate that a defendant's negligence, which could be found in a violation of an official policy rather than in the manifestation of an official policy, was simply one contributing factor among many to an injury. *See Lopez v. Southern Pac. Co.*, 499 F.2d 767, 771 (10th Cir. 1974) (under New Mexico law, a proximate cause need not be the nearest act to the injury, nor the sole cause of an injury, but need only be a contributing cause, and a defendant's negligence is sufficient to impose liability if it is one of several proximate causes); *Tafoya v. Seay Bros. Corp.*, 119 N.M. 350, 351 (N.M. 1995) (in order to prevail on a negligence claim, a plaintiff "simply must prove that the act characterized as negligence more probably than not was a *contributing* cause of the injury.") (emphasis in original).

    As discussed in its initial Memorandum Opinion and Order [Doc. 80], Plaintiff has come forward with sufficient evidence to raise questions of fact regarding whether officials of the MDC were negligent in permitting the overcrowding and understaffing of Plaintiff's unit at the time of Plaintiff's assault, and whether such negligence put the overall population of Plaintiff's unit at risk. *See* Doc. 80 at 22-24. Plaintiff presented evidence that, at the time of his assault, the cells in his unit were populated at well over their designed capacity and that fewer corrections officers were on duty than were called for by the MDC's policy and procedures, and that overpopulation and understaffing were known to some prison officials to create the potential for violence between inmates. *See id.* In so doing, Plaintiff presented sufficient evidence to enable a jury to find that tensions resulting from overcrowding and an insufficient number of guards to keep order

5

could have put the overall population of Plaintiff's unit at risk and could have contributed to the injury that he suffered.  This is a far cry from demonstrating that Defendants had an official policy or practice that amounted to a constitutional violation and that was the cause of Plaintiff's injury.  Because the standards for causation are not the same for a negligence claim as they are for a constitutional claim, as Defendants have acknowledged they must be in order to merit reconsideration of the Court's initial decision, Defendants' motion for reconsideration is denied.


_____
UNITED STATES DISTRICT JUDGE